**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MAVE SHIPPING & TRADING S.A.** | § | |
| ***Plaintiff,*** | § | |
| | § | **C.A. No. ___________** |
| **v.** | § | |
| | § | **IN ADMIRALTY, Rule 9(h)** |
| **SOFON BULK LTD.,** | § | |
| ***Defendant.*** | § | |

**PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT**

Plaintiff Mave Shipping & Trading S.A. ("Plaintiff" or "Mave Shipping"), by and through its undersigned attorneys, expressly subject to all rights of arbitration, and for security in aid of arbitration, as and for its Verified Original Complaint against Defendant Sofon Bulk Ltd. ("Defendant" or "Sofon"), alleges as follows upon information and belief:

**I.**
**SUBJECT MATTER JURISDICTION AND VENUE**

1. This is an admiralty or maritime claim within the Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and within the meaning of Federal Rule of Civil Procedure 9(h). It also arises under Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

2. Venue is proper in this Court under 28 U.S.C. § 1391 in that the property of Defendant, Sofon Bulk Ltd., is or will be during the pendency of this action within the District and jurisdiction of this Honorable Court.

**II.**
**PARTIES**

3. At all material times, Plaintiff Mave Shipping was and is a foreign business entity, and the registered owner of the M/V ORFEAS M, with an address at 80, Broad Street, Monrovia, Liberia.

4. At all material times, Defendant Sofon Bulk Ltd., upon information and belief, is a company which may be issued service of process through its registered agent, Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, Marshall Islands, MH96960.

## III.
## FACTS

5. Plaintiff Mave Shipping is and was at all relevant times the owner of the M/V ORFEAS M, IMO No. 9575151 (the "Vessel").

6. Sofon cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, in that Sofon maintains no office, managing or general agent, or agent for service of process, and no other presence, within this District, and, upon information and belief, has no assets within this District subject to attachment by ordinary process other than the property described below.

7. On or about June 11, 2026, Mave Shipping chartered the Vessel to Sofon by a charter party fixture (the "Charter Party"), as confirmed by a clean fixture recap ("Recap") on an amended NYPE Form (the "NYPE Form") dated June 12, 2026. The Charter Party provided for the transport of cement in bulk for a one-time charter trip between Turkey and Houston. The Charter Party is attached as Exhibit 1.

8. Among other terms, the Charter Party provided for:

- Delivery of the Vessel APS Hereke, Turkey sometime between ("laycan") June 18–21, 2026 (Clauses 5 and 7 of the Recap);
- Redelivery DLOSP (dropping last outward sea pilot) in Houston (Clause 8 of the Recap);
- Loading and discharge of the cargo, among other terms, were the responsibility of Sofon per Clause 8 of the NYPE Form;
- The Charter Party is governed by English law, and LMAA arbitration must be conducted in London.

9. Pursuant to the Charter Party, the Vessel was delivered into Sofon's service at Hereke, Turkey at 9:01 p.m. GMT on June 17, 2026.

10. The Vessel thereafter performed the chartered voyage, loading cement cargo at Hereke, Turkey and proceeding to Houston, Texas for discharge.

11. During the currency of the Charter Party and/or in connection with the discharge of cargo, charges accrued for Sofon's account, including without limitation charges associated with (a) removal/discharge and storage of cement cargo that Sofon failed to discharge from the Vessel as per Sofon's obligations under Clause 8 of the NYPE Form, (b) pilotage, towage, and other port expenses, (c) surveyors' fees, and (d) loss of hire/time incurred in connection with the removal of cargo remaining onboard.

12. The Vessel was redelivered by Sofon to Mave Shipping at 8:54 a.m. GMT on August 14, 2026.

13. On or around August 4, 2026, Mave Shipping, through its managers Stem Shipping Co. S.A., notified Sofon in a summary statement that after crediting certain payments received from Sofon during the duration of the Charter Party, and after the Vessel was re-delivered, Mave Shipping was still owed the amount of $1,080,904.55, resulting from losses and expenses as set forth in Paragraph 11 herein.

14. This balance remains due and owing from Sofon to Mave Shipping under the Charter Party.

15. Mave Shipping has demanded payment of the outstanding balance from Sofon. To date, Sofon has failed or refused to pay the sums due.

16. By reason of the foregoing, Mave Shipping has a valid, prima facie maritime claim against Sofon arising out of the Charter Party in the amount of not less than $1,080,904.55,

exclusive of interest, arbitrators' fees, and attorneys' fees recoverable in connection with the London arbitration to which the parties' dispute is subject.

17. Mave Shipping's total claim, exclusive of annual interest to be later determined, estimated arbitration costs, and estimated attorneys' fees through the anticipated conclusion of arbitration, which are recoverable in London Arbitration, is estimated at approximately $1,500,000.00, which sum Mave Shipping seeks to secure by this attachment.

18. Sofon cannot be found within this District for purposes of Rule B, but, upon information and belief, Sofon has, or during the pendency of this action will have, goods, chattels, credits, and/or other tangible or intangible property within this District, including marine fuel oil and/or gas oil bunkers (the "Bunkers") laden onboard the M/V CAPTAIN SITARAS, in which Sofon holds a property interest.

19. Upon information and belief, the M/V CAPTAIN SITARAS is expected to call at, or is presently within, a port within this District on or about September 1, 2026, and the Bunkers onboard her constitute property of Sofon subject to attachment and garnishment under Rule B in an amount sufficient to satisfy Mave Shipping's claim as security.

20. No previous application for the relief sought herein has been made by Mave Shipping to this or any other court.

## IV.
## CAUSES OF ACTION

### BREACH OF CHARTER PARTY – FAILURE TO PAY HIRE

21. Mave Shipping repeats and realleges the allegations set forth in paragraphs 1-20 above as if fully set forth herein.

22. The Charter Party is a valid and binding maritime contract between Mave Shipping and Sofon.

23. Mave Shipping duly performed its obligations under the Charter Party, including delivering the Vessel to Sofon at Hereke, Turkey on June 17, 2026 and performing the chartered service through redelivery at Houston, Texas on August 14, 2026.

24. As a result of Sofon's failing to carry out its obligations under the Charter Party, additional costs for fuel consumption, hold cleaning, cargo removal/discharge and storage, pilotage and towage, surveyor's fees, and additional costs and expenses were incurred by Mave Shipping in the amount of not less than $1,080,904.55, together with anticipated legal costs and London arbitration. This balance remains outstanding and unpaid, notwithstanding repeated demands.

25. Based on the foregoing, Sofon is in breach of the Charter Party, and Mave Shipping has been damaged in an amount to be determined in the London arbitration, but not less than $1,500,000.00, plus interest and costs.

**RULE B ALLEGATIONS**

26. Mave Shipping repeats and incorporates the allegations set forth above.

27. Mave Shipping's claims are maritime claims within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims, arising from a maritime contract (the Charter Party) for the carriage of goods by sea.

28. Mave Shipping has a valid, prima facie maritime claim against Sofon for breach of the Charter Party in an amount not less than $1,080,904.55, exclusive of interest, arbitration costs, and attorneys' fees.

29. Sofon cannot be found within this District within the meaning of Rule B, in that Sofon maintains no office, agent for service of process, or other presence within the District.

30. Upon information and belief, Sofon has, or during the pendency of this action will have, tangible property within this District, namely the Bunkers laden aboard the M/V CAPTAIN SITARAS, that are subject to attachment and garnishment under Rule B.

31. No statutory or maritime law bar exists to the attachment sought.

32. Accordingly, Plaintiff seeks to obtain jurisdiction over Sofon through attachment of Sofon's property within the Southern District of Texas pursuant to Process of Maritime Attachment and Garnishment to be issued against such property pursuant to Rule B, and in order to secure its claim for breach of the Charter.

33. By reason of the foregoing, Mave Shipping is entitled to an order directing the Clerk of this Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B, attaching the Bunkers onboard the M/V CAPTAIN SITARAS, or so much thereof as may be sufficient to satisfy Mave Shipping's claim, up to the amount of $1,080,904.55, plus interest and costs, for a total claim of $1,500,000.00 as security for the maritime claims described in this Complaint, to be adjudicated in the London arbitration.

**INDEMNITY IN FAVOR OF U.S. MARSHAL**

34. Plaintiff agrees to hold harmless and indemnify the U.S. Marshal and all of its deputies arising from any and all liability as a result of attaching the property of Sofon in the Southern District of Texas, specifically including the Bunkers onboard the M/V CAPTAIN SITARAS.

**CONDITIONS PRECEDENT**

35. All conditions precedent have been satisfied and/or discharged.

36. All and singular, the premises of this Verified Original Complaint are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

## V.
## PRAYER FOR RELIEF

37. Upon information and belief, Defendant Sofon has assets that are located within the District, or will be located within the District as of September 1, 2026, including the Bunkers onboard the vessel M/V CAPTAIN SITARAS.

38. Plaintiff seeks an Order from this Court directing the Clerk of Court to issue a Process of Maritime Attachment and Garnishment pursuant to FED. R. CIV. P. Rule B attaching any and all assets of Defendant Sofon Bulk Ltd., including the Bunkers aboard M/V CAPTAIN SITARAS, up to the amount of $1,500,000.00 for the purpose of obtaining and maintaining security for the arbitration of the parties' disputes in London.

39. Plaintiff also seeks limited discovery to discover information about the relationship(s) and agreement(s) between Sofon and the registered owners of the M/V CAPTAIN SITARAS.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against *in personam* Defendant Sofon Bulk Ltd., citing it to appear and answer under oath all and singular the matters alleged in the Verified Original Complaint;

B. That since Defendant Sofon Bulk Ltd. cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment attaching all property, tangible or intangible, in whatever form, of Sofon in the Southern District of Texas, including, but not limited to the Bunkers onboard the M/V CAPTAIN SITARAS berthed or to be berthed during the pendency of this action at SESCO Terminal, City Dock No. 3, 7300

Wingate St., Houston, Texas 77011 in the amount of not less than $1,500,000.00, together with attorney's fees, costs, expenses, and interest;

C. That all persons claiming any interest in the same be cited to appear and, pursuant to Rules B and E of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, Answer the matters alleged in this Verified Original Complaint;

D. That Plaintiff be authorized to serve limited discovery on Defendant Sofon to discover the relationship(s) and agreement(s) between Sofon and the registered owner, lessors/charterers of the M/V CAPTAIN SITARAS;

E. That the Court retain jurisdiction over the matter through the London Arbitration, and the confirmation of any arbitration award as a judgment of this Court, including any appeals thereof, and for any further or supplemental proceedings as may be necessary; and

F. That Plaintiff be awarded such other, further and different relief as the Court deems just and proper in law and equity.

Respectfully submitted,

By: */s/ Dimitri P. Georgantas*

Dimitri P. Georgantas
Texas State Bar No. 07805100
Federal I.D. No. 2805
Michael E. Cooper
Texas State Bar No. 24131142
Federal I.D. No. 3805032
ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP
1415 Louisiana Street, Suite 4200
Houston, Texas 77002-7380
Telephone: (713) 224-8380
Facsimile: (713) 225-9545
dimitri.georgantas@roystonlaw.com
michael.cooper@roystonlaw.com

**ATTORNEY FOR PLAINTIFF**
**MAVE SHIPPING & TRADING S.A.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MAVE SHIPPING AND TRADING S.A,** *Plaintiff,* | § § | |
| | § | **C.A. No. __________** |
| **v.** | § | |
| | § | **IN ADMIRALTY, Rule 9(h)** |
| **SOFON BULK LTD.,** *Defendant.* | § § | |

**VERIFICATION**

STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared Dimitri P. Georgantas, who being duly sworn, deposed and stated as follows:

> "I am an attorney for Plaintiff Mave Shipping and Trading S.A. in connection with the referenced matter. I have read the foregoing Verified Original Complaint and know the contents thereof, and that the same are true to the best of my knowledge, information and belief, based upon documentation and information I received which was provided to me by Plaintiff. The reason that I make this verification instead of Plaintiff is that Plaintiff does not have officers or directors within this District."

Dimitri P. Georgantas
Dimitri P. Georgantas

SUBSCRIBED AND SWORN to before me on the 3rd day of September, 2026.

SYLVIA L. COOPER
My Notary ID # 2652944
Expires January 4, 2028

Sylvia L. Cooper
Notary Public in and for the
State of Texas

68721:55234668